```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

| | |
|---|---|
| ROY LEE HARRIS | PLAINTIFF |
| UNITED STATES OF AMERICA | PLAINTIFF-INTERVENOR |
| VS. | CIVIL ACTION NO. 5:67CV1209TSL |
| YAZOO COUNTY BOARD OF EDUCATION | DEFENDANT |
| VS. | |
| YAZOO CITY BOARD OF EDUCATION | DEFENDANT |
| REBECCA FISHER | PUTATIVE INTERVENOR |

<u>ORDER</u>

This cause is before the court on the emergency motion of defendant Yazoo County Board of Education for temporary restraining order, and preliminary and permanent injunctions staying and enjoining state court proceedings. This motion, filed late yesterday, seeks to enjoin an evidentiary hearing scheduled to occur in the Yazoo County Circuit Court at 9:00 this morning on a petition contesting election results filed by the losing candidate in the Democratic primary election for Superintendent of the Yazoo County School District. Having considered the motion, the court is of the opinion that the requested relief is precluded by the Anti-Injunction Act, 28 U.S.C. § 2283, and that the motion must therefore be denied.

> The Anti-Injunction Act provides:
>
> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Act, "on its face, is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined and narrowly interpreted exceptions." Fulford v. Transp. Servs. Co. Co., 412 F.3d 609, 613 (5th Cir. 2005).

> The statute ... "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988). And the Act's core message is one of respect for state courts. The Act broadly commands that those tribunals "shall remain free from interference by federal courts." Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 282, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). That edict is subject to only "three specifically defined exceptions." Id., at 286, 90 S. Ct. 1739. And those exceptions, though designed for important purposes, "are narrow and are 'not [to] be enlarged by loose statutory construction.'" Chick Kam Choo, 486 U.S., at 146, 108 S. Ct. 1684 (quoting Atlantic Coast Line, 398 U.S., at 287, 90 S. Ct. 1739; alteration in original). Indeed, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." Id., at 297, 90 S. Ct. 1739.

Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011).

There is no intimation in the Board's motion that it contends the Act's first exception, for injunctive relief specifically authorized by Act of Congress, is applicable; and certainly it is

not.  Further, while somewhat unclear, it does not appear the Board contends the relitigation exception, which permits injunctive relief where necessary to protect or effectuate the federal court's judgment, applies.  To the extent this may be the Board's position, it is rejected.  In Smith, supra, the Supreme Court emphasized that

> in applying this exception, we have taken special care to keep it "strict and narrow." Id., at 148, 108 S. Ct. 1684.  After all, a court does not usually "get to dictate to other courts the preclusion consequences of its own judgment." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed. 2002) (hereinafter Wright & Miller).  Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court (here, the one in West Virginia).  So issuing an injunction under the relitigation exception is resorting to heavy artillery.  For that reason, every benefit of the doubt goes toward the state court, see Atlantic Coast Line, 398 U.S., at 287, 297, 90 S. Ct. 1739; an injunction can issue only if preclusion is clear beyond peradventure.

Smith, 131 S. Ct. 2368, 2375-2376 (2011).  The Fifth Circuit has identified four requirements that must be met for the exception to apply:  (1) the parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.  See Liberty Mut. Ins. Co. v. Gunderson, 387 Fed. Appx. 480, 486-487, 2010 WL 2852735, 5 (5th Cir. 2010).  The Board implies that the state court petition which is set to be heard this morning involves the "same

3

claim or cause of action" as was at issue in <u>Walker v. Poole, et al.</u>, Civil Action No. 5:99CV80BrS (S.D. Miss.).  In <u>Walker</u>, Judge Bramlette held, in an opinion dated May 20, 1999, that electors in the Yazoo County School District, including the "reduced transfer area" surrounding the Yazoo City School District, lack a "substantial interest" in the operation of the Yazoo County School District or election of its Superintendent of Education, and that allowing residents in the City School District and "reduced transfer area" to vote in the next election for Superintendent of Education for the County School District under Mississippi Code Annotated § 37-5-71 would violate the constitutional rights of other voters in the County School District, but not within the City District.  Judge Bramlette's ruling obviously has a bearing on the issues presented in the petition presently pending for consideration in the state circuit court, which asserts, among other bases for challenging the election results, infringement of the voting rights of electors in the "reduced transfer area." However, while similar and undoubtedly related, it is not certain the issues are the "same" to the extent required for application of this exception.  And the parties are obviously not the same. This exception therefore cannot provide a basis for an injunction.

    The County Board does contend for application of the "in aid of jurisdiction" exception to the Anti-Injunction Act.

> In cases decided under [the "in aid of jurisdiction"] exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction *only where a state proceeding threatens to dispose of*

4

> *property that forms the basis for federal in rem jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court*, such as in a school desegregation case.  In no event may the "aid of jurisdiction" exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.  [Emphasis added.] [Citations omitted.]

Royal Ins. Co. of America v. Quinn-L Capital Corp., 960 F.2d 1286, 1298 (5th Cir. 1992).  The Board suggests that this exception is implicated by the fact of this court's continuing jurisdiction/ superintendence over the present school desegregation case pending in this court.  However, they do not identify the specific manner in which the current proceedings *threaten* this court's continuing superintendence over the desegregation case.  The state court petitioner asserts, among other contentions, that this court's 2005 agreed order approving the agreement between the County and City School Boards for the transfer of students and payment in lieu of taxes did not create a municipal separate school district and did not provide for a change in the voting status of voters located in the "reduced transfer area."  However, the Board has not *demonstrated* that the state court's consideration of these issues relating to the voting rights of individuals in the reduced transfer area presents a threat to this court's superintendence of the desegregation case.  And, being mindful of the Supreme Court's admonition that "an injunction can issue only if preclusion is

5

clear beyond peradventure," Smith, 131 S. Ct. at 2376, the court at this time concludes the Board's motion should be denied.[1]

Based on the foregoing, it is ordered that the Yazoo County School Board's motion for temporary restraining order is denied.

SO ORDERED this 12th day of October, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that it could not enjoin the state court from proceeding with the hearing in any event, as the petition challenges the results of the election on the independent ground of irregularities and violations of state law in the manner in which the election was conducted.

6